IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LEROY HARRIS, SHAD CRAME, LONNIE ELLISON, BRIAN MORASH, and ARTHUR BROWN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DRUMLUMMON GOLD CORP.,<br><br>Defendant. | CV 12-99-H-DLC<br><br><br><br>ORDER<br><br>**FILED**<br>APR 0 1 2013<br>Clerk, U.S District Court<br>District Of Montana<br>Missoula |

Before the Court is Plaintiffs' motion asking the Court to certify Count I of the First Amended Complaint as a collective action under 29 U.S.C. § 216 of the Fair Labor Standards Act (FLSA) and to direct the notification of putative class members. Though Plaintiffs failed to inquire whether Defendant Drumlummon Gold Corp. opposed the motion as required by Local Rule 7.1(c)(1), Drumlummon has provided notice that it does not oppose conditional certification.

Under 29 U.S.C. § 216(b), employees pursuing a FLSA action to recover unpaid overtime wages may bring the action "for and in behalf of [] themselves

1

and other employees similarly situated." Unlike in class actions brought under Rule 23 of the Federal Rules of Civil Procedure, a putative plaintiff in a FLSA collective action must affirmatively "opt in" to the action. 29 U.S.C. § 216(b). Because of this procedure, the standards for certifying a § 216(b) collective action are less stringent. *Mitchell v. Acosta Sales, LLC*, 841 F. Supp. 2d 1105, 1116 (C.D. Cal. 2011). Generally, courts require "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* (internal quotation marks and citation omitted).

Here, the parties have admitted and agreed on the following facts:

a. Plaintiffs are all former hourly paid employees at the Drumlummon Gold Mine.

b. For the two years prior to the filing of this Complaint, there have been over 100 hourly paid employees who have worked at the Drumlummon Gold Mine.

c. In addition to their regular wages, Plaintiffs were paid a bonus while employed by Defendant.

d. When Defendant paid overtime pay to Plaintiffs, Defendant did not take Plaintiffs' bonuses into account in calculating the regular rate of pay of Plaintiffs.

e. The policy described in the preceding paragraph was a common policy Defendant applied to all hourly paid employees who received bonuses for at least the period of time that Plaintiffs were employed by Defendant.

2

(Doc. 14 at 3–4.) Additionally, Drumlummon's discovery responses indicate the bonus plan was a single "decision, policy, or plan" applicable to all Plaintiffs and putative plaintiffs.

Plaintiffs have met their burden to make a "modest factual showing" that they and other Drumlummon employees were subject to a common policy or plan that allegedly violated the law. *Mitchell*, 841 F. Supp. at 1116 (citation omitted). The Court will conditionally certify this as a collective action under 29 U.S.C. § 216(b) and permit notice to all putative class members of the action and their opportunity to opt in. Drumlummon has reserved its right to contest the time period for which employees can be certified and, after discovery is complete, may yet move to decertify the class. *Id.* (citation omitted).

IT IS ORDERED that Plaintiff's motion (doc. 17) is GRANTED. This action is conditionally certified as a collective action under 29 U.S.C. § 216(b), on behalf of all hourly paid employees of Defendant at the Drumlummon Mine within the past three years and ongoing who have received overtime pay and bonuses and whose overtime pay did not include the bonuses as part of their "regular rate" of pay for the calculation of overtime compensation, or who have received overtime pay for bonuses after the initiation of this lawsuit, without receiving an additional amount for liquidated damages.

IT IS FURTHER ORDERED that notice shall be sent to all putative class members of the pendency of this action and their opportunity to opt in. After consulting with Drumlummon, Plaintiffs shall file the proposed notice on or before **April 17, 2013**. If the parties are unable to reach agreement as to the contents of the proposed notice, Drumlommon shall file opposition to the proposed notice on or before **April 24, 2013**, and Plaintiff shall file a reply on or before **May 1, 2013**. The applicable opt-in deadline, if not agreed upon by the parties, will then be set.

Dated this 1st day of April 2013.

Dana L. Christensen, Chief District Judge
United States District Court